■ ARTHUR MARLOWE et al., Appellants, v ELMWOOD, INC., et al., Respondents. [824 NYS2d 448]—

Spain, J. Appeal from an order of the Supreme Court (McCarthy, J.), entered September 8, 2005 in Ulster County, which granted defendants' motion for summary judgment dismissing the third cause of action.

Plaintiffs reside in the Town of Greenburgh, Westchester County, adjacent to Elmwood Country Day School, a year-round school operating since 1957. Beginning in 1986, defendants have owned and operated the school and its summer day camp program, thereafter making substantial improvements and additions to the recreational facilities. In 1992, they added a basketball court and picnic tables and in 1998 they renovated the hockey rink, expanded the basketball courts and added bleachers, erected fencing around the fields and paved an area for parking. Initially in 1991 and thereafter, a number of the plaintiffs complained to the Town that defendants' use of the property violated zoning laws, claims which town officials rejected in replies to the correspondents. In 2000, plaintiffs commenced the instant action asserting three claims, the first two related to defendants' alleged use of this property in violation of the zoning ordinance, and the third sounding in private nuisance. Plaintiffs sought to permanently enjoin or limit defendants' use of the property as a summer camp.

Previously, Supreme Court (Hummel, J.) granted defendants' motion for partial summary judgment dismissing the first and second causes of action, relying on the equitable doctrine of laches. This Court affirmed (12 AD3d 742 [2004], *lv dismissed* 4 NY3d 881 [2005]), although on narrower threshold grounds. We did not, as plaintiffs now claim on this appeal, "impliedly reject[ ]" the finding of laches but, rather, found it unnecessary to address that doctrine in view of our affirmance on other grounds.

The instant appeal concerns the grant of summary judgment by Supreme Court (McCarthy, J.) to defendants on the remain-

ing claim for nuisance, premised upon the affirmative defense of laches. We concur in the court's reasoning and conclusion that plaintiffs' nuisance claim is barred by the doctrine of laches.

Initially, we find misplaced defendants' efforts—based upon Supreme Court's earlier decision—to invoke the law of the case doctrine to preclude consideration of the applicability of the defense of laches to plaintiffs' nuisance claim. That earlier ruling pertained only to plaintiffs' first and second claims and the nuisance claim was not in issue; clearly, the distinct issue of the application of the equitable doctrine of laches to plaintiffs' *nuisance* claim was not previously decided (*see Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]; *see also Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003], *cert denied* 540 US 1017 [2003]). We do, however, find the reasoning in that earlier decision to be persuasive and accurate in this context.

An examination of the record, including the complaint and plaintiffs' affidavits, reflects unequivocally that defendants' expanded use, substantial renovations and additions, and enrollment at the camp—which gave rise to their nuisance claim—began in 1987, and continued thereafter throughout the 1990s. While certain plaintiffs wrote to town officials in 1991 and 1992 to register their complaints, which were openly rejected, plaintiffs did not pursue any administrative remedies and at no time sought a stay or preliminary injunction, despite their knowledge of defendants' ongoing considerable capital expenditures. Instead, plaintiffs waited until 2000 to commence this action and offer no reason for their failure to timely safeguard their interests or for their substantial delay in commencing this litigation so as to militate against the invocation of this doctrine (*see Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 638 [2001], *lv denied* 97 NY2d 611 [2002]). Thus, under the conceded facts, defendants have established both the elements of laches and a compelling basis for its invocation (*see id.*; *Matter of Caprari v Town of Colesville*, 199 AD2d 705, 706 [1993]; *cf. Cohen v Krantz*, 227 AD2d 581, 582 [1996]).

To the extent that the affidavit of plaintiffs' attorney in opposition to defendants' motion avers that "the nuisance[ ] increased dramatically in the two years before the institution of the instant action," this conclusory allegation is not based upon personal knowledge. It is also unsupported by the record and contrary to the factual allegations of the complaint and the two affidavits submitted by the individual plaintiffs on defendants' motion. The affidavit of Gloria Palella, also endorsed by plaintiff

Arthur Marlowe, claimed that "the dramatic expansion of facilities, noise and disturbance began . . . in 1987." Indeed Palella relied expressly upon her journal entries in *1991* and *1992* "[t]o illustrate the horrible noise generated by the camp after Elmwood took over," and alleged that the noise and disturbances in those years were "typical and continue[d] during each summer to the present." In our view, plaintiffs did not submit proof sufficient to raise a triable issue of fact with regard to the claim that the nuisance increased appreciably in the two years prior to their commencement of this action so as to overcome defendants' showing of entitlement to summary judgment dismissing the nuisance claim upon the defense of laches.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.