# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**624**

**CA 10-00063**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, AND SCONIERS, JJ.

---

JOSEPH MATTELIANO AND CHRIS VOGELSANG,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

JOSEPH J. SKITKZI AND MELISSA NEAL,
DEFENDANTS-APPELLANTS.

---

MYERS, QUINN & SCHWARTZ, LLP, WILLIAMSVILLE (JAMES I. MYERS OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (PATRICK J. MACKEY OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered August 4, 2009. The order and judgment, inter alia, awarded plaintiffs money damages against defendants.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration regarding the nature and scope of an easement existing on their property for the benefit of the owners of a parcel of property that is currently owned by defendants. Plaintiffs also sought relief regarding the alleged private nuisance created by defendants' open overhead garage door facing the property owned by plaintiffs. Defendants appeal from an order and judgment entered March 5, 2009 (hereafter, March order and judgment). We note at the outset that defendants failed to appeal from the final order and judgment entered August 4, 2009 (hereafter, August order and judgment). By order entered November 8, 2010, this Court granted defendants' motion to vacate the dismissal of their appeal from the March order and judgment and deemed the appeal to be a premature appeal taken from the August order and judgment, "to the extent that it only brings up for review the [March] order and judgment" (*see* CPLR 5520 [c]).

Defendants contend that Supreme Court erred in determining that the open garage door constitutes a nuisance. "In order to prevail upon a cause of action for private nuisance, the plaintiff must demonstrate (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property

right to use and enjoy land, (5) caused by another's conduct" (*Vacca v Valerino*, 16 AD3d 1159, 1160 [internal quotation marks omitted]; *see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 570; *Hitchcock v Boyack*, 277 AD2d 557, 558). Further, the interference "must not be fanciful, slight or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable person" (*Bove v Donner-Hanna Coke Corp.*, 236 App Div 37, 40; *see Balunas v Town of Owego*, 56 AD3d 1097, 1098, *lv denied* 12 NY3d 703). Under the circumstances of this case, we conclude that the court erred in determining that defendants' open garage door constituted a private nuisance.

We nevertheless conclude that defendants are not entitled to reversal or modification of the August order and judgment insofar as it brings up for review the March order and judgment. By order and judgment entered May 22, 2009, the court granted plaintiffs' cross motion seeking to re-erect a fence and gate along the line where their property meets that of defendants, but the court stayed enforcement of that order and judgment pending defendants' appeal from the March order and judgment. By order entered July 14, 2010, the court then permitted plaintiffs to re-erect the fence and gate. Thus, the court's determination in the March order and judgment that the open garage door constituted a private nuisance is moot (*see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714). In any event, we note that "a landowner burdened by an express easement of ingress and egress may . . . gate it or fence it off, so long as the easement holder's right of passage is not impaired" (*Lewis v Young*, 92 NY2d 443, 449), and thus the court's determination with respect to the private nuisance was not a necessary predicate to granting plaintiffs the right to re-erect the subject fence and gate.

We have reviewed defendants' remaining contentions and conclude that they are without merit.

Entered: June 10, 2011                    Patricia L. Morgan
                                          Clerk of the Court