■ In the Matter of WILLIAM B. MINER et al., Appellants, v TOWN OF DUANESBURG PLANNING BOARD et al., Respondents. [950 NYS2d 207]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered August 25, 2011 in Schenectady County, which, among other things, in a proceeding pursuant to CPLR article 78, granted a cross motion by respondents Long Oil Heat, Inc. and Marebo, LLC to dismiss the petition.

Respondent Long Oil Heat, Inc., doing business as Long Energy, sells and distributes propane gas to residential and

business customers. To better serve its customers in the Schenectady County area, Long Energy sought to construct a propane storage facility featuring a 30,000 gallon tank on property located in the Town of Duanesburg, Schenectady County. Upon Long Energy's application for a building permit, the Town's Code Enforcement Officer determined that the proposed use constituted the "retail distribution of propane" and was, accordingly, a use permitted on the commercially zoned subject property only with a special use permit. The matter was referred to respondent Town of Duanesburg Planning Board to consider whether a special use permit should be granted. The Planning Board declared itself lead agency for purposes of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and, after determining that there would be no adverse environmental impact, issued a negative declaration for the proposal. The Planning Board thereafter held a public hearing and decided to grant the special use permit. Long Energy immediately engaged a contractor to construct the facility and respondent Marebo, LLC, an entity formed by Long Energy, finalized the purchase of the property from respondent Samuel Donadio.

Petitioners, who live in and operate an antique shop across the road from the subject property, attempted to negotiate changes to the appearance of the facility with Long Energy but the parties did not reach an agreement. When construction of the facility was almost complete, petitioners commenced this proceeding pursuant to CPLR article 78 against the Planning Board, Long Energy, Marebo and Donadio challenging the Planning Board's SEQRA and special use permit determinations and seeking a preliminary injunction against the construction and operation of the facility. Supreme Court granted a cross motion by Long Energy and Marebo to dismiss the petition.[1] Petitioners now appeal.

The entire petition is properly dismissed based upon the doctrine of laches, which respondents pleaded and proved.[2] Dismissal based upon laches is appropriate where the following circumstances are present: " '(1) conduct by an offending party giving rise to the situation complained of, (2) delay by the

---

[1]. The proceeding was dismissed against Donadio upon the consent of all the parties.

[2]. We note that while Supreme Court only dismissed petitioners' challenge to the special use permit as moot, the contention that the challenge to the SEQRA determination should also have been dismissed on that basis is properly before us (see Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation, 289 AD2d 636, 637-638 [2001], lv denied 97 NY2d 611 [2002]).

complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant' " (*Bailey v Chernoff*, 45 AD3d 1113, 1115 [2007], quoting *Matter of Kuhn v Town of Johnstown*, 248 AD2d 828, 830 [1998]).

Petitioners were present and spoke at the March 2011 Planning Board meeting at which Long Energy's application was considered and the special use permit was granted. Nonetheless, petitioners did not commence this proceeding until June 2011, by which time Long Energy had already expended over $200,000 and construction of the facility was very near completion. Additionally, inasmuch as petitioners' negotiations with Long Energy centered around their viewshed concerns, respondents were not on notice that petitioners would commence this proceeding challenging the use of the property. Thus, although petitioners' effort to resolve their concerns through negotiations directly with Long Energy is commendable, their failure to pursue any legal remedy while construction of the facility proceeded to near completion right before their eyes must result in dismissal of this proceeding (*see Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals*, 52 AD3d 997, 999-1000 [2008], *lv denied* 11 NY3d 707 [2008]; *Marlowe v Elmwood, Inc.*, 34 AD3d 970, 971-973 [2006], *lv denied* 8 NY3d 804 [2007]).

Peters, P.J., Lahtinen, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.