■ MELISSA FREEMAN, Respondent, v MICHAEL F. WALTHER et al., Appellants. [974 NYS2d 603]—

Stein, J. Appeal from an order of the Supreme Court (Devine, J.), entered June 20, 2012 in Schoharie County, which, among other things, granted summary judgment to plaintiff dismissing defendants' counterclaims.

Plaintiff and defendants own adjacent parcels of property in

the Town of Sharon, Schoharie County. Defendants, who acquired title to their parcel in 1999, used a preexisting pipeline that runs across plaintiff's property to access the water from a pond on property that lies to the north of plaintiff's parcel. The pipeline has been in existence since at least 1964 and was continuously used by defendants' predecessors-in-interest. Plaintiff acquired her parcel in 2008 and commenced construction of a home thereon. Shortly thereafter, a dispute arose between the parties regarding the pipeline; defendants—claiming their right to an easement across plaintiff's property—accused plaintiff of damaging the pipeline and eventually hired a worker to replace it. In response, plaintiff accused defendants of trespassing and demanded that they remove the pipeline and pay for damages to plaintiff's property.

Plaintiff subsequently commenced this action challenging any claimed right by defendants to an easement across her property and seeking to enjoin defendants from entering upon her property and to recover damages. Defendants answered and asserted five counterclaims.[1] Following discovery, defendants moved for summary judgment on all of their counterclaims, except the adverse possession claim. Supreme Court denied the motion and, upon searching the record, granted summary judgment in plaintiff's favor dismissing each of the counterclaims at issue. This appeal by defendants ensued.

We modify. Three parcels of property are at the heart of this dispute—the property upon which the pond is located (hereinafter the pond property), a triangular parcel that eventually became defendants' property (hereinafter the triangular parcel) and a five-acre parcel lying north of the triangular parcel that became plaintiff's property (hereinafter the five-acre parcel). Through the years, title to each of the parcels was held by various owners until, in 1986, Michael Haynes and Alison Haynes took title to all three of them.[2] Prior to 1986, various conveyances expressly recognized the reservation of the right, in connection with the triangular parcel, to use and access the water source on the pond property, as well as the right to use the existing pipeline that ran from the pond, including the pipeline that traversed the five-acre parcel.

---

1. The first counterclaim sought a judgment declaring that defendants had an express easement across plaintiff's property, the second counterclaim sought to enjoin plaintiff from interfering with defendants' express easement, the third counterclaim asserted an easement by adverse possession, the fourth counterclaim alleged an easement by implication and the fifth counterclaim sought compensatory damages.

2. At that time, the five-acre parcel was part of the pond parcel. However, as discussed later, the property containing the pond was subsequently subdivided by the Hayneses in 1989.

There is no doubt that the triangular parcel previously benefitted from an express easement across the five-acre parcel to the pond. However, Supreme Court properly concluded that said easement was extinguished in 1986 when the pond parcel, the triangular parcel and the five-acre parcel came under the Haynes' common ownership (*see Simone v Heidelberg*, 9 NY3d 177, 180 [2007]; *Will v Gates*, 89 NY2d 778, 784 [1997]; *Peter Williams Enters., Inc. v New York State Urban Dev. Corp.*, 90 AD3d 1007, 1008 [2011]). As a result, the question before us is whether the express easement was recreated de novo after it was extinguished. We concur with Supreme Court's determination that it was not.

Defendants argue that the previous easement was recreated because the Haynes' conveyance of the pond property in 1989 included the following reservation: "FURTHER EXCEPTING AND RESERVING to [the Hayneses], their heirs and assigns, . . . the right to use the water from a certain spring located about 1000 foot westerly of the barn on [the pond property] together with the right to use the existing pipeline from said spring and the right to go on the above-described premises to maintain and repair said spring and to maintain and repair or replace said pipeline. This right of use is to be in common with the owners of the above-described premises from which this exception and reservation is made, and their heirs and assigns."[3] Defendants' expert opined—after reviewing the relevant abstracts of title, survey and tax maps—that, among other things, this reservation of rights by the Hayneses recreated the express easement. While the expert's review of the complicated chains of title for the parcels at issue was comprehensive and accurate, we disagree with his ultimate conclusion.

At the time of the 1989 conveyance of the pond property, the five-acre parcel and the triangular parcel continued to be commonly owned by the Hayneses. Although the reservation of rights in the deed conveying the pond property created and/or recreated an easement across that property for the benefit of the five-acre and triangular parcels, it did not create an easement as between those two parcels. Generally, "a person cannot have an easement in his or her own land" (*Will v Gates*, 89 NY2d at 784; *see Cowan v Carnevale*, 300 AD2d 893, 894 [2002]). Thus, no easement could have been created that would have burdened the five-acre parcel to benefit the triangular parcel, in light of the Haynes' ownership of both the five-acre parcel and

---

**3.** The survey map filed in connection with this conveyance also stated that it was "SUBJECT TO WATER RIGHTS" as described in certain recorded documents.

the triangular parcel at the time of the 1989 conveyance.[4] Moreover, neither of the subsequent deeds that conveyed the five-acre parcel or the triangular parcel from the Hayneses—ending the common ownership of these two parcels—contained any reference to an easement across the five-acre parcel. To be sure, such an easement could only have been recreated if it appeared in the deed conveying the servient parcel—i.e., the five-acre parcel (*see Simone v Heidelberg*, 9 NY3d at 181). In light of the foregoing, Supreme Court properly determined that defendants failed to offer sufficient evidence that would indicate the existence of any material issues of fact regarding their express easement claim. Therefore, the first and second counterclaims were properly dismissed.

We reach a different conclusion with regard to defendants' fourth counterclaim alleging an easement by implication. "[A]n easement by implication requires '(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land' " (*Lew Beach Co. v Carlson*, 77 AD3d 1127, 1130 [2010], quoting *Sadowski v Taylor*, 56 AD3d 991, 993 [2008]; *accord Heyman v Biggs*, 223 NY 118, 125 [1918]). Stated another way, "[a]n implied easement will arise 'upon severance of ownership when, during the unity of title, an apparently permanent and obvious servitude was imposed on one part of an estate in favor of another part, which servitude at the time of severance is in use and is reasonably necessary for the fair enjoyment of the other part of the estate' " (*Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 570 [2006], quoting *Minogue v Monette*, 158 AD2d 843, 844 [1990]). Here, there is no genuine dispute that there was unity in ownership and a subsequent separation of title of the subject parcels. Similarly, defendants made a prima facie showing that the use of the pipeline across plaintiff's property was continued and obvious for decades.

Supreme Court found, however, that defendants failed to establish the existence of any material issues of fact with respect

4. Defendants correctly note that the subdivision of a dominant estate does not destroy an appurtenant easement, so long as no additional burden is placed upon the servient estate (*see Cronk v Tait*, 279 AD3d 857, 858-859 [2001]; *see also Djoganopoulos v Polkes*, 95 AD3d 933, 935 [2012]; 49 NY Jur 2d, Easements § 147). Here, however, when the pond property was purportedly subdivided in 1989, the five-acre parcel was not a dominant estate vis a vis any easement claimed by the triangular parcel. Thus, such conveyance does not have any bearing upon plaintiff's argument that the prior easement was recreated.

to the necessity of the use of the easement, noting that defendants did not rule out the possibility that they could access potable water from a different source. In this regard, we note that " '[t]he necessity required for an implied easement based upon preexisting use is only reasonable necessity, in contrast to the absolute necessity required to establish an implied easement by necessity' " (*Sadowski v Taylor*, 56 AD3d at 993, quoting *Four S Realty Co. v Dynko*, 210 AD2d 622, 623 [1994]). Nonetheless, mere convenience is not sufficient to establish reasonable necessity (*see Heyman v Biggs*, 223 NY at 126; *Sadowski v Taylor*, 56 AD3d at 993).

While we agree with Supreme Court that defendants failed to establish entitlement to summary judgment in their favor on this claim, we cannot conclude that the proof submitted is sufficient to demonstrate, as a matter of law, that the easement was not reasonably necessary for defendants' enjoyment of their property. The record is bereft of evidence that would allow us to determine whether defendants' use of the pipeline and access to the pond was necessary and more than mere convenience in obtaining a source of water for their property. Thus, in our view, there is " '[in]sufficient evidence to eliminate [all] material issues of fact' on this issue" (*Sadowski v Taylor*, 56 AD3d at 994, quoting *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and that part of Supreme Court's order granting summary judgment to plaintiff dismissing defendants' fourth counterclaim must be reversed.

Finally, inasmuch as defendants have viable claims to an easement, the counterclaim for damages should not have been dismissed. To the extent not specifically addressed herein, defendants' remaining contentions have been considered and found to be without merit.

Lahtinen, J.P., McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted summary judgment dismissing the fourth and fifth counterclaims, and, as so modified, affirmed.