# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1221**
**CA 14-00635**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

DONALD MAU AND DIANNE MAU,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

EDWARD SCHUSLER AND BARBARA SCHUSLER,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

HISCOCK & BARCLAY, LLP, ELMIRA (BRYAN J. MAGGS OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

FRANK A. ALOI, ROCHESTER, AND ROBERT J. LUNN, FOR
PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court,
Steuben County (Marianne Furfure, A.J.), entered June 19, 2013. The
order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the cross appeal is dismissed and the
order is modified on the law by granting defendants' motion in part
and dismissing the first, second and third causes of action in the
amended complaint and the fifth cause of action to the extent it seeks
injunctive relief with respect to the first, second and third causes
of action and as modified the order is affirmed without costs in
accordance with the following Memorandum: Plaintiffs and defendants
have adjoining properties on Keuka Lake that were formerly commonly
owned and now share a common driveway, which is located entirely on
plaintiffs' property. Defendants have an access easement for the
driveway. Plaintiffs commenced this action pursuant to RPAPL article
15 seeking, inter alia, an order determining that they have an
easement with respect to an approximately 195-square-foot parking and
turnaround space (hereafter, turnaround) located on defendants'
property, adjacent to the driveway on plaintiffs' property. In the
amended complaint, plaintiffs asserted five causes of action, the
first four of which allege, respectively, that plaintiffs have an
easement by implication, an express easement, an easement by
necessity, and an easement by prescription with respect to the
turnaround. The fifth cause of action seeks an order, inter alia,
enjoining defendants from interfering with those easements.
Defendants subsequently moved for summary judgment dismissing the
amended complaint, and Supreme Court denied the motion. We modify the
order by granting those parts of the motion with respect to the first,
second, and third causes of action, as well as the fifth cause of
action to the extent it seeks injunctive relief with respect to the

first, second, and third causes of action.

With respect to the first cause of action, for an implied easement, "a grantee claiming an easement implied by existing use must establish: (1) a unity and subsequent severance of title with respect to the relevant parcels; (2) that during the period of unity of title, the owner established a use in which one part of the land was subordinated to another; (3) that such use established by the owner was so continuous, obvious, and manifest that it indicated that it was meant to be permanent; and (4) that such use affects the value of the estate conveyed and that its continuation is necessary to the reasonable beneficial enjoyment of the estate conveyed" (*Monte v Di Marco*, 192 AD2d 1111, 1112, *lv denied* 82 NY2d 653).  "Stated another way, '[a]n implied easement will arise "upon severance of ownership when, during the unity of title, an apparently permanent and obvious servitude was imposed on one part of an estate in favor of another part, which servitude at the time of severance is in use and is reasonably necessary for the fair enjoyment of the other part of the estate" ' " (*Freeman v Walther*, 110 AD3d 1312, 1315).  "Implied easements are not favored by the law and the burden of proof rests with [plaintiffs] to prove such entitlement by clear and convincing evidence" (*Hedden v Bohling*, 112 AD2d 23, 24, *appeal dismissed* 67 NY2d 758).

Defendants met their initial burden by establishing that, when the properties were commonly owned, the owner of the properties did not establish a use of the turnaround that "was so continuous, obvious, and manifest that it indicated that it was meant to be permanent" (*Monte*, 192 AD2d at 1112; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendants also demonstrated that the turnaround was used primarily to facilitate plaintiffs' access to off-street parking, and "mere convenience is not sufficient to establish reasonable necessity" (*Freeman*, 110 AD3d at 1316; *see Simone v Heidelberg*, 9 NY3d 177, 182).  Plaintiffs failed to raise a triable issue of fact in opposition to that part of the motion (*see Abbott v Herring*, 97 AD2d 870, 870-871, *affd* 62 NY2d 1028; *see generally Zuckerman*, 49 NY2d at 562).  We therefore modify the order accordingly.

With respect to the second cause of action, for an express easement, we note that Real Property Law § 240 (3) provides in relevant part that "[e]very instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law."  "The 'intent' to which the statute refers is the objective intent of the parties as manifested by the language of the deed; unless the deed is ambiguous, evidence of unexpressed, subjective intentions of the parties is irrelevant" (*Margetin v Jewett*, 78 AD3d 1486, 1488).  We conclude that defendants met their burden of establishing that the access easement in the deed to defendants—from the owner of what was formerly the common properties did not grant to that owner express permission to use the turnaround (*see generally Perry v Edwards*, 79

AD3d 1629, 1630).  Plaintiffs failed to raise a triable issue of fact in opposition thereto (*see generally Zuckerman*, 49 NY2d at 562).  We therefore further modify the order accordingly.

With respect to the third cause of action, seeking an order determining that plaintiffs have an easement by necessity with respect to the turnaround, we note that "[t]he party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence . . . 'that there was a unity and subsequent separation of title, and [ ] that at the time of severance an easement over [the servient estate's] property was *absolutely necessary*' . . . Significantly, 'the necessity must exist in fact and not as a mere convenience' . . . and must be indispensable to the reasonable use for the adjacent property" (*Simone*, 9 NY3d at 182; *see Shute v McLusky* [appeal No. 2], 96 AD3d 1360, 1361).  As noted, defendants demonstrated that the primary use of the turnaround was to ease plaintiffs' access to off-street parking; here, we conclude that defendants met their initial burden by submitting evidence that plaintiffs had on-street parking at their disposal in addition to the ability to use the driveway and the parking spot on their property even without access to the turnaround.  Put differently, plaintiffs are not entitled to an easement by necessity because access for off-street parking is "nothing more than a mere convenience" (*Simone*, 9 NY3d at 182), and plaintiffs' assertion that it is too expensive for them to build a turnaround on their property is insufficient to raise a triable issue of fact in opposition to that part of the motion (*see generally Zuckerman*, 49 NY2d at 562).  We therefore further modify the order accordingly.

With respect to the fourth cause of action, for an easement by prescription, we conclude that there is a triable issue of fact whether plaintiffs had a claim of right to the use of the turnaround. To establish a prescriptive easement, plaintiffs must establish by clear and convincing evidence that the use of the turnaround was " 'adverse, open and notorious, continuous and uninterrupted for the prescriptive period' " of 10 years (*Beutler v Maynard*, 80 AD2d 982, 982, *affd* 56 NY2d 538, quoting *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512).  The elements of a claim for an easement by prescription are similar to those of a claim for adverse possession, except that demonstration of exclusivity is not essential to a claim for easement by prescription (*see King's Ct. Rest., Inc. v Hurondel I, Inc.*, 87 AD3d 1361, 1362).  Thus, to establish an easement by prescription, plaintiffs must establish by clear and convincing evidence possession that was hostile and under a claim of right; actual; open and notorious; and continuous for the required period (*see Walling v Przybylo*, 7 NY3d 228, 232).  It is undisputed that the 2008 amendments to RPAPL 501 providing, inter alia, that "[a] claim of right means a reasonable basis for the belief that the property belongs to the adverse possessor" (RPAPL 501 [3]), do not apply here (*see Franza v Olin*, 73 AD3d 44, 47).  Thus, plaintiffs' "actual knowledge of the true owner is not fatal" to their claim for an easement by prescription (*Walling*, 7 NY3d at 233).

Inasmuch as their submissions are replete with evidence of

cooperation and neighborly accommodation between the parties, we conclude that defendants met their initial burden of demonstrating that plaintiffs cannot establish their claim for an easement by prescription (*see generally Zuckerman*, 49 NY2d at 562). We further conclude, however, that plaintiffs' submissions in opposition were sufficient to raise a triable issue of fact (*see generally id.*). Plaintiffs tendered, inter alia, an affidavit of plaintiff Dianne Mau (Mau), who stated that at the time they purchased their property plaintiffs were advised by their then-attorney that the owners of what is now defendants' property could not interfere with plaintiffs' use of the turnaround, and that the access easement for the driveway was granted on the condition that the owners of what is now defendants' property would not interfere with the use of the turnaround by the owners of what is now plaintiffs' property. Contrary to the conclusion of the dissent, those averments are not contradicted by Mau's prior deposition testimony, and we thus conclude that plaintiffs raised a triable issue of fact whether their use of the turnaround was hostile and under a claim of right (*see Walling*, 7 NY3d at 232), i.e., whether that use was adverse to defendants (*see Dermody v Tilton*, 85 AD3d 1682, 1682).

In view of our determination with respect to the fourth cause of action, we further conclude that the court should have granted that part of defendants' motion for summary judgment dismissing the fifth cause of action to the extent that it seeks injunctive relief with respect to the first three causes of action, i.e., an order enjoining defendants from interfering with plaintiffs' use of the turnaround and directing defendants to remove any barriers erected for the purpose of denying plaintiffs access to the turnaround. We therefore further modify the order accordingly. Finally, plaintiffs are not aggrieved by the order denying defendants' motion, and thus their cross appeal must be dismissed (*see Rifenburg Const., Inc. v State of New York*, 90 AD3d 1498, 1500; *see generally* CPLR 5511). To the extent that plaintiffs' request for reverse summary judgment pursuant to CPLR 3212 (b) is properly before us (*cf. Hecht v City of New York*, 60 NY2d 57, 63; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985), we conclude that it lacks merit for the reasons set forth above.

All concur except Smith, J.P., and Lindley, J., who dissent in part and vote to reverse in accordance with the following Memorandum: We respectfully dissent in part. Although we agree with the majority that Supreme Court erred in denying defendants' motion insofar as it sought summary judgment dismissing the causes of action for an express easement, an easement by necessity and an easement by implication, we, unlike the majority, conclude that the court also erred in denying the motion with respect to the cause of action seeking a prescriptive easement. We would therefore reverse the order and grant defendants' motion in its entirety.

"A party asserting the existence of a prescriptive easement must prove, by clear and convincing evidence, that the use of the subject property was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period" (*Cole v Rothe*, 18 AD3d 1058,

1059; *see Zutt v State of New York*, 50 AD3d 1133, 1133). We agree with the majority that defendants met their initial burden of establishing as a matter of law that plaintiffs' use of the turnaround area on defendants' property was permissive, thus shifting the burden to plaintiffs to raise an issue of fact. We cannot agree with the majority, however, that plaintiffs met that burden.

In opposition to the motion, plaintiffs submitted, inter alia, an affidavit from plaintiff Dianne Mau (Mau), who asserted that, when she and her husband purchased their property in 1995, they were advised by their attorney that the driveway easement granted them the right to use the turnaround area. That assertion, however, is contradicted by Mau's deposition testimony. When asked whether anyone told her prior to purchase that she could use the turnaround area, Mau responded, "No, nothing was said one way or the other." When asked whether she believed prior to 2008 that she had a right to turn around on defendants' property, Mau answered, "We had no reason to think it was an issue . . . [b]ecause nothing was ever said to us about it one way or another about whether we could or could not." In our view, Mau's affidavit "presented apparent feigned issues of fact designed to avoid the consequences of [her] earlier deposition testimony and, thus, was insufficient to defeat [defendants'] motion" for summary judgment dismissing that cause of action (*Carriero v Nazario*, 116 AD3d 818, 819; *see Taillie v Rochester Gas & Elec. Corp.*, 68 AD3d 1808, 1809; *Richter v Collier*, 5 AD3d 1003, 1004).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court