Ranney v Tonawanda City Sch. Dist. (2018 NY Slip Op 03004)





Ranney v Tonawanda City Sch. Dist.


2018 NY Slip Op 03004


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


493 CA 17-01932

[*1]BEVERLY A. RANNEY AND JOSEPH N. PIERRO, PLAINTIFFS-RESPONDENTS,
v
TONAWANDA CITY SCHOOL DISTRICT, DEFENDANT-APPELLANT. 






GRECO TRAPP, PLLC, BUFFALO (CHRIS TRAPP OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MUSCATO, DIMILLO & VONA, L.L.P., LOCKPORT (A. ANGELO DIMILLO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (J. David Sampson, A.J.), entered February 2, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Following defendant's completion of a capital improvement project that included the construction of a multimillion dollar sports stadium on a parcel of land adjacent to plaintiffs' residential properties, plaintiffs commenced this action alleging that defendant's use of its land constitutes a private nuisance and seeking an award of damages. We reject defendant's contention that Supreme Court erred in denying its motion for summary judgment dismissing the complaint.
The elements of a cause of action for private nuisance are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct" (Matteliano v Skitkzi, 85 AD3d 1552, 1553 [4th Dept 2011], lv denied 17 NY3d 714 [2011] [internal quotation marks omitted]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977], rearg denied 42 NY2d 1102 [1977]). The issue whether a defendant's use of land constitutes a private nuisance generally turns on questions of fact that include the degree of interference and the reasonableness of the use under the circumstances (see Schaefer v Dehauski, 50 AD3d 1502, 1503 [4th Dept 2008]; see also Schillaci v Sarris, 122 AD3d 1085, 1087 [3d Dept 2014]). Evidence of noise and other disturbances has been found sufficient to preclude an award of summary judgment dismissing a cause of action for private nuisance (see e.g. Berenger v 261 W. LLC, 93 AD3d 175, 182-183 [1st Dept 2012]; Broxmeyer v United Capital Corp., 79 AD3d 780, 783 [2d Dept 2010]).
We conclude that defendant's own submissions raised issues of fact precluding summary judgment (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendant submitted plaintiffs' deposition testimony, which established that the stadium has lights and a loudspeaker that they find disturbing. When there are events at the stadium, the lights and loudspeaker are used late into the evening, sometimes until 11:00 p.m. The lights shine directly into the home of one of the plaintiffs. In addition, spectators at those events make a disturbing amount of noise, and also stand near plaintiffs' property lines drinking alcohol and throwing trash onto plaintiffs' properties. We further conclude, in any event, that plaintiffs raised issues of fact in opposition to the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiffs submitted the deposition testimony of defendant's [*2]superintendent, who testified that defendant had intended to plant trees along the property lines to mitigate any interference with plaintiffs' use of the property but had abandoned that plan. The superintendent also acknowledged that he understood why plaintiffs had concerns about defendant's use of the property.
We reject defendant's further contention that it established the affirmative defense of laches. It is well established that laches is an equitable defense and "is inapplicable to actions at law" (Makarchuk v Makarchuk, 59 AD3d 1094, 1095 [4th Dept 2009]; see Premier Capital, Inc. v DeHaan, 122 AD3d 1414, 1415 [4th Dept 2014], lv denied 24 NY3d 1102 [2015]). This action is one at law inasmuch as the complaint alleges private nuisance and seeks only an award of money damages (see Pittsford Canalside Props., LLC v Pittsford Vil. Green, 154 AD3d 1303, 1303-1305 [4th Dept 2017]; cf. Marlowe v Elmwood, Inc., 34 AD3d 970, 971-972 [3d Dept 2006], lv denied 8 NY3d 804 [2007]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court