Bonadio v Bonadio (2021 NY Slip Op 06830)





Bonadio v Bonadio


2021 NY Slip Op 06830


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-07086
 (Index No. 710368/16)

[*1]John Bonadio, appellant,
v
Elizabeth Bonadio, respondent.


Robert Litwack, Forest Hills, NY, for appellant.
Moritt Hock & Hamroff, LLP, Garden City, NY (Brandi P. Klineberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff has an easement by implication over certain property owned by the defendant and for injunctive relief, the defendant appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated April 10, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first cause of action, for a judgment declaring that the plaintiff has an easement by implication over certain property owned by the defendant, and on the fourth cause of action, for a permanent injunction, and denied those branches of the defendant's cross motion which were for summary judgment, in effect, declaring that the plaintiff does not have an easement by implication over certain property owned by the defendant and dismissing the fourth cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the first cause of action, for a judgment declaring that the plaintiff has an easement by implication over certain property owned by the defendant, and on the fourth cause of action, for a permanent injunction, are denied, those branches of the defendant's cross motion which were for summary judgment, in effect, declaring that the plaintiff does not have an easement by implication over certain property owned by the defendant and dismissing the fourth cause of action are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by implication over certain property owned by the defendant.
The plaintiff's property (hereinafter Lot A) is situated perpendicular to the defendant's property (hereinafter Lot B) and shares a border with that property. Lot A has a detached two-car garage, the entrance to which faces a driveway situated on Lot B. The plaintiff's father acquired title to both lots in 1953, and used the driveway on Lot B to access the garage on Lot A. In 1962, the plaintiff's father conveyed title to Lot B to himself and his wife, the plaintiff's mother. Thereafter, in 1985, the plaintiff's father similarly conveyed title to Lot A to himself and the plaintiff's mother. After the plaintiff's father passed away in 1997, the plaintiff's mother became the sole owner of both lots. In 2007, the plaintiff's mother conveyed Lot B to the defendant, the plaintiff's sister-in-law. In 2008, the plaintiff's mother conveyed Lot A to the plaintiff, retaining a life estate for herself. The plaintiff's mother died in 2016.
In 2016, the defendant, intending to sell Lot B, sought to erect a fence on the border of Lot B to prevent the plaintiff, or his tenants, from using the driveway on Lot B to access the garage on Lot A. The plaintiff commenced this action, inter alia, seeking a judgment declaring that he had an easement by implication over the driveway on Lot B to allow him to access the garage on Lot A. Thereafter, the plaintiff moved, among other things, for summary judgment on the first cause of action, for a judgment declaring that there is an easement by implication over Lot B in favor of Lot A, and on the fourth cause of action, for a permanent injunction preventing the defendant from obstructing access to the easement. The defendant cross-moved, inter alia, for summary judgment, in effect, declaring that the plaintiff does not have an easement by implication over Lot B in favor of Lot A and dismissing the fourth cause of action. In an order dated April 10, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied those branches of the defendant's cross motion. The defendant appeals.
"An easement may be implied from pre-existing use upon severance of title when three elements are shown: '(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary to the beneficial enjoyment of the land retained'" (West End Props. Assn. of Camp Mineola, Inc. v Anderson, 32 AD3d 928, 929, quoting Abbott v Herring, 97 AD2d 870, 870, affd 62 NY2d 1028; see Mau v Schusler, 124 AD3d 1292, 1293; Freeman v Walther, 110 AD3d 1312, 1316). "Stated another way, an implied easement will arise upon severance of ownership when, during the unity of title, an apparently permanent and obvious servitude was imposed on one part of an estate in favor of another part, which servitude at the time of severance is in use and is reasonably necessary for the fair enjoyment of the other part of the estate" (Freeman v Walther, 110 AD3d at 1315 [internal quotation marks omitted]). An implied easement must be "a reasonable necessity, rather than a mere convenience" (Bais Yoel Ohel Feige v Congregation Yetev Lev D'Satmar of Kiryas Joel, 65 AD3d 1176, 1179; see Freeman v Walther, 110 AD3d at 1316; 251 CPW LLC v 257 Cent. Park W., Inc., 52 AD3d 355, 355). "Implied easements are not favored by the law" (Hedden v Bohling, 112 AD2d 23, 24; see Mau v Schusler, 124 AD3d at 1294).
Here, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action, for a judgment declaring that there was an easement by implication over Lot B, as the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on that cause of action. The plaintiff did not establish that the use of the driveway on Lot B was a reasonable necessity to the beneficial use of the land and not a mere convenience. It is undisputed that Lot A is not landlocked and that the plaintiff can access Lot A without using the driveway on Lot B. The plaintiff testified at his deposition that the home situated on Lot A is rented to one set of tenants, and the parking spaces in the garage are rented to another set of tenants. Since access to off-street parking is a mere convenience, the plaintiff cannot establish that the easement is a reasonable necessity. Therefore, the plaintiff has no easement by implication based on the preexisting use over the defendant's driveway (see e.g. Mau v Schusler, 124 AD3d at 1295). Similarly, the court should not have granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for a permanent injunction enjoining the defendant from obstructing the plaintiff's access to the driveway on Lot B.
For the same reasons that those branches of the plaintiff's motion which were for summary judgment on the first and fourth causes of action should have been denied, the Supreme Court should have granted those branches of the defendant's cross motion which were for summary judgment in her favor on those causes of action.
The parties' remaining contentions either are improperly raised for the first time on appeal or have been rendered academic by our determination.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff does not have an easement by implication over Lot B in favor of Lot A (see Lanza v Wagner, 11 NY3d 317, 334).
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court