Trusso v Brev519, LLC (2024 NY Slip Op 04880)

Trusso v Brev519, LLC

2024 NY Slip Op 04880

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND DELCONTE, JJ.

650 CA 23-01566

[*1]ANTHONY TRUSSO, PLAINTIFF-RESPONDENT,
v
BREV519, LLC, DEFENDANT-APPELLANT. 

NESPER, FERBER, DIGIACOMO, JOHNSON & GRIMM, LLP, AMHERST (JEFFREY J. TYRPAK OF COUNSEL), FOR DEFENDANT-APPELLANT.
DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (MATTHEW J. BECK OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Dennis E. Ward, J.), entered September 12, 2023. The order, inter alia, granted the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.
Memorandum: Plaintiff commenced this action seeking, inter alia, in his first cause of action, a judgment declaring an easement by necessity burdening defendant's adjoining property. Defendant appeals from an order of Supreme Court granting plaintiff's motion for summary judgment on his first cause of action and permanently enjoining defendant from "obstructing . . . [plaintiff's] and his permissive guests' ability to enter or leave [plaintiff's] property." We reverse.
"[T]he party asserting an easement by necessity bears the burden of establishing by clear and convincing evidence . . . that there was a unity and subsequent separation of title, and . . . that at the time of severance an easement over [the servient estate's] property was absolutely necessary" (Simone v Heidelberg, 9 NY3d 177, 182 [2007] [internal quotation marks omitted]; see Mau v Schusler, 124 AD3d 1292, 1295 [4th Dept 2015]).
Contrary to defendant's contention, we conclude that plaintiff, on his motion, established "unity and subsequent separation of title" as a matter of law (Simone, 9 NY3d at 182 [internal quotation marks omitted]). Indeed, as defendant correctly concedes, plaintiff established that he had common ownership of the subject parcels at the time of severance. We agree with defendant, however, that, "inasmuch as the existence and extent of an easement by necessity is determined based on the circumstances as they existed at the time of severance" (Foti v Noftsier, 72 AD3d 1605, 1608 [4th Dept 2010]; see also Bolognese v Bantis, 215 AD3d 616, 621 [2d Dept 2023]), plaintiff failed to establish by clear and convincing evidence that the use and extent of a right-of-way he now seeks was "absolutely necessary" upon separation of title (Simone, 9 NY3d at 182 [internal quotation marks omitted]; see Mau, 124 AD3d at 1295). While plaintiff generally averred in his affidavit in support of his motion that he retained his landlocked parcel "for purposes of utilizing [the] space for personal parking needs," any such statement of future intentions failed to establish the nature and extent of the access over the conveyed property that was "indispensable to the reasonable use for the [retained] property" upon severance of title (Mau, 124 AD3d at 1295 [internal quotation marks omitted]).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court