Marrano v Dusza (2025 NY Slip Op 05592)

Marrano v Dusza

2025 NY Slip Op 05592

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

698 CA 24-01268

[*1]FRANCIS J. MARRANO, PLAINTIFF-APPELLANT,
v
KAREN DUSZA AND JOSEPH DUSZA, JR., DEFENDANTS-RESPONDENTS. 

LIPPES & LIPPES, BUFFALO (JOSHUA R. LIPPES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered July 24, 2024. The order, insofar as appealed from, granted that part of the motion of defendants seeking summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion with respect to the cause of action for nuisance insofar as it alleges a nuisance based on the installation of a flood light and reinstating the nuisance cause of action to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, a prescriptive easement over property owned by defendants that abuts plaintiff's property and over which plaintiff has traversed in order to reach wetlands on which he, for decades, has fished and used for other recreational activities. Although defendants, upon purchasing the property in 2016, initially allowed plaintiff to continue using the path through their backyard, they revoked permission in 2020 and erected a fence to prevent plaintiff from entering their property. In addition to seeking a prescriptive easement, the amended complaint asserted causes of action for nuisance and violation of the relevant zoning ordinance as it relates to the permissible height of fences.
Following discovery, defendants moved for, inter alia, summary judgment dismissing the amended complaint. Supreme Court granted that part of the motion seeking summary judgment, and we now modify.
"Unlike title by adverse possession, the determination of an easement by prescription focuses on a party's use of property rather than possession thereof" (Meyers v Berl, 213 AD3d 1233, 1234 [4th Dept 2023]). To acquire an easement by prescription, a party must establish by clear and convincing evidence that their use of the property was " 'hostile and under a claim of right; actual; open and notorious; and continuous for the required period of 10 years' " (Bauman v Bauman, 236 AD3d 1312, 1315 [4th Dept 2025]; see Mau v Schusler, 124 AD3d 1292, 1295 [4th Dept 2015]).
Here, defendants met their initial burden of establishing that plaintiff's use of the property was not hostile and under claim of right (see Bauman, 236 AD3d at 1316; Mau, 124 AD3d at 1296). Indeed, defendants submitted an affidavit wherein one of the defendants averred that, upon purchasing their property, they gave plaintiff permission to traverse their backyard to reach the wetlands but revoked such permission four years later.
In opposition, plaintiff failed to raise a triable issue of fact with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The only admissible [*2]evidence submitted by plaintiff was photographs of defendants' fence, which had no relevance to his cause of action for a prescriptive easement. Although plaintiff's attorney addressed that cause of action in a memorandum of law, the memorandum of law did not constitute admissible evidence because it was unsworn and counsel lacked personal knowledge of the facts (see McGowan v Villa Maria Coll., 185 AD2d 674, 674 [4th Dept 1992]; Lyndaker v Sherwin Williams, Inc., 140 AD2d 979, 979-980 [4th Dept 1988], lv denied 72 NY2d 809 [1988]). Thus, we conclude that the court properly granted defendants' motion with respect to the cause of action for a prescriptive easement.
We agree with plaintiff, however, that the court erred in granting the motion with respect to the nuisance cause of action insofar as it relates to defendants' installation of a flood light, and we therefore modify the order accordingly. We note that plaintiff abandoned any other claim of nuisance (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). "To establish a claim of private nuisance, a plaintiff must show: 'an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with [the plaintiff's] property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act' " (Cangemi v Yeager, 185 AD3d 1397, 1399 [4th Dept 2020]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977], rearg denied 42 NY2d 1102 [1977]). The interference "must not be fanciful, slight or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable person" (Matteliano v Skitkzi, 85 AD3d 1552, 1553 [4th Dept 2011], lv denied 17 NY3d 714 [2011] [internal quotation marks omitted]; see e.g. Behar v Quaker Ridge Golf Club, Inc., 118 AD3d 833, 835 [2d Dept 2014]).
Here, the amended complaint alleged that a nuisance arose from, among other things, flood lights in defendants' backyard that shined light onto plaintiff's property at night. According to plaintiff, the lights constituted a "substantial, intentional and unreasonable interference" with his property rights. In support of that part of their motion seeking summary judgment, defendants acknowledged that they installed motion-activated security lights in their backyard but contended in a conclusory fashion that the lights do not "amount to nuisance to a reasonable person." Defendants did not identify where on their property the lights are stationed, nor did they dispute that they shined light onto plaintiff's property. Thus, defendants failed to establish as a matter of law that the lights did not constitute a nuisance. The court therefore erred in granting the motion with respect to the nuisance cause of action insofar as it relates to defendants' installation of a flood light regardless of the sufficiency of plaintiff's opposition papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, we note that plaintiff has abandoned any contention with respect to his third cause of action, which alleged that defendants' fence does not comply with the height requirements set forth in the relevant zoning ordinance.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court