## (January 15, 1973)

■ EVELYN BROTMAN, Appellant, v. WILLIAM MEYERS, Respondent.— In an action for an accounting, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 25, 1970, which dismissed her complaint after a nonjury trial. Judgment reversed, on the law and the facts, with costs, and defendant is directed to render an accounting as demanded in the complaint. Plaintiff, one of 302 investors in a real estate syndication, paid to defendant, through his law firm, the sum of $10,000 for a participating interest in the purchase of the Gair Industrial Buildings in Brooklyn, New York. Defendant is the record owner thereof. Evidencing such investment, defendant delivered to plaintiff a so-called " certificate of ownership ", dated November 1, 1956, signed by him, which in part reads: " I now hold and will continue to hold all of said property as nominee for and subject to the interests of *the following actual owners* of the property, each of whom has contributed the cash amount indicated below and *each of whom is an owner* of the property in the proportion that his cash contribution bears to TWO MILLION SEVEN HUNDRED NINETY THOUSAND ($2,790,000.) DOLLARS " (italics added)." The certificate then lists the names and addresses of all participants and the extent of the participation of each. There is no dispute concerning the acquisition of the real property or concerning any of the mesne transactions by which title was transferred, mortgages executed and a lease entered into. By this action plaintiff sought an accounting of the operation of the syndicate to determine the present value of her interest and whether her received return properly represented her full interest in the income or profits of the syndication. Special Term found only a bare agency, such as did not entitle plaintiff to an accounting. With this we disagree. We find that plaintiff entrusted money to defendant for the purchase of real property to be held in defendant's name and we further find that the above-mentioned certificate of ownership constituted a declaration of trust, subscribed by the declarant (defendant) and thus in sufficient compliance with section 5–703 of the General Obligations Law. Based thereon, plaintiff is entitled to the relief sought (see *Matter of Brown*, 252 N. Y. 366, 375; *Hutchins v. Van Vechten*, 140 N. Y. 115, 118). Hopkins, Acting P. J., Munder, Shapiro, Gulotta and Benjamin, JJ., concur.