Ethel **BECKERMAN** and Abraham Beckerman, on behalf of themselves and all other participants in Times Square Associates, similarly situated, Plaintiffs,

v.

Ira Jay **SANDS** and F. S. Management Corp., Defendants.

No. 72 Civ. 3188.

United States District Court, S. D. New York.

Nov. 20, 1974.

` Schwartz, Kaufmann & Sklaver, New York City, for plaintiffs; Harvey M. Sklaver, New York City, of counsel.

Weinstein & Levinson, New York City, for defendants; Frank Weinstein, New York City, of counsel.

## MEMORANDUM AND ORDER

LASKER, District Judge.

Defendants move to reargue our Memorandum and Order dated June 28, 1974, denying their motion for summary judgment dismissing the complaint for lack of subject matter jurisdiction. They claim that the Beckermans and the class they represent have not alleged and cannot in good faith amend their complaint to allege that each member of the class (numbering approximately 150) has suffered damages of $10,000. or more, as required by Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed. 2d 511 (1973).

 We originally denied defendants' motion for summary judgment because there were not sufficient facts in the record to establish that the requisite jurisdictional amount was lacking. However, the record as more fully developed in defendants' moving papers on the present motion indicated the possible absence of jurisdiction. At oral argument on the current motion, we requested further submissions from the parties on that limited issue, in accordance with

the rule that when allegations of the jurisdictional amount are challenged by the defendant, the plaintiff must support them by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935); Arnold v. Troccoli, 344 F. 2d 842 (2d Cir. 1965); Olster v. Kiamesha Concord, Inc., 232 F.Supp. 393 (S. D.N.Y.1964). Because of the existence in the record of new factual material requested by the court, we treat the present motion as a renewed motion by defendants for summary judgment.

## I.

To begin, we find unpersuasive the Beckermans' renewed assertion that this is a "true" class action to enforce a single right or title to a common and undivided interest, and that aggregation should be permitted. By Memorandum of October 11, 1973,[1] we rejected the argument that Associates is a partnership; that this action is essentially to compel an accounting by the managing partner; and that consequently this is a derivative action brought in the right of Associates permitting the aggregation of claims of the investor-"partners". However, we (1) granted the Beckermans' motion for a class action as to the non-derivative claims and (2) denied defendants' motion, pursuant to Rule 12, Federal Rules of Civil Procedure, to dismiss the complaint for lack of the jurisdictional amount, because it could not be said, on the basis of the pleadings, that it was a "legal certainty" that plaintiffs could not recover the requisite damages. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

The Beckermans now contend that Associates is a trust, and that because the interests of the investor-"beneficiaries" are joint or common, aggregation should be permitted on this new theory, citing Brotman v. Meyers, 41 A.D.2d 547, 339 N.Y.S.2d 735 (1973).

The *Brotman* plaintiff was one of 302 investors in a real estate syndicate who paid $10,000. to a defendant, the record owner of the syndicate property, for a participating interest. Defendant delivered to plaintiff a "certificate of ownership" to evidence the investment. The court found that the certificate constituted a declaration of trust within the meaning of § 5–703, N.Y.Gen.Oblig.Law (which requires conveyances and contracts concerning real property to be in writing) and, therefore, in compliance with the Statute of Frauds, entitling Brotman to demand an accounting.

The Beckermans' reliance on *Brotman* is misplaced. Even assuming Associates to be a trust, which it is not, the propriety of aggregation does not hinge on the type of entity involved but on the nature of the right asserted. Aggregation is permissible only when the class claims constitute a single and integrated right against the defendant, Snyder v. Harris, 394 U.S. 332, 336–337, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), citing Pinel v. Pinel, 240 U.S. 594, 596, 36 S. Ct. 416, 60 L.Ed. 817 (1916); see also Berman v. Narragansett Racing Ass'n, 414 F.2d 311, 314–315 (1st Cir. 1969). No such right is asserted here. Although the complaint frequently refers to Associates as a "trust" and purports to seek equitable relief (receivership and an accounting), it is plain from plaintiffs' various submissions that this suit is brought in substance to recover compensatory damages, i. e. funds alleged to have been diverted from Associates by defendants, together with punitive damages, and to distribute them pro rata to Associates investors. Compare Weiss v. Sunasco, Inc., 316 F.Supp. 1197, 1201 (E.D.Pa.1970); Houck v. Travelers Insurance Co., 356 F.Supp. 729 (E.D.Pa. 1973); Sigel v. General Development Corp., 59 F.R.D. 577, 581 (M.D.Fla. 1973). The assertion of a right to an accounting with a view to distribution of damages is not grist for a "true" class action: Each plaintiff has separate

---

1. D.C., 364 F.Supp. 1197 (1973).

rights deriving from his separate contract with defendants, and by its terms each contract here provides an individual right to sue the syndicate management. (See Exhibit 2 annexed to Sands affidavit, October 13, 1972).

## II.

██ The practical effect for the present case of Snyder v. Harris, *supra,* and Zahn v. International Paper Co., *supra,* is that damages exceeding $10,000. must be alleged not only by the Beckermans, but each class member. Such allegations are not present. The complaint (Paragraph 1) alleges only that "[t]he matter in controversy, exclusive of interests and costs, exceeds the sum of $10,000." Putting aside the defects in the complaint, we turn to the "merits," i. e. the question whether plaintiffs could amend their complaint to allege in good faith the requisite jurisdictional amount.

The plaintiff class is composed of 154 investors. Consequently, assuming each class member has an equal interest in the syndicate (the Beckermans do not suggest otherwise) [2] plaintiffs must allege minimum total damages in excess of $1,540,000 (154 investors x $10,000) for any investor to recover the jurisdictional amount of $10,000. The affidavit of plaintiffs' counsel, dated September 4, 1974, sets forth plaintiffs' computation of alleged actual damages totalling $326,405. Defendants dispute the amount of provable actual damages but because there is no indication that the allegation is made in bad faith we accept arguendo plaintiffs' computation as the proper basis on which to calculate the jurisdictional amount.

In addition to $326,000. actual damages, plaintiffs claim punitive damages, but do not specify the amount sought. As we noted in our October 11, 1973 Memorandum, to recover punitive damages plaintiffs must allege and prove not only that a fraud has been committed, but that the fraud was "aimed at the

public generally, is gross and involves high moral culpability." Walker v. Sheldon, 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488, 491, 179 N.E.2d 497, 499 (1961); see also DeMarasse v. Wolf, Sup., 140 N.Y.S.2d 235, 238–239 (1955); Szekely v. Eagle Lion Films, 140 F.Supp. 843 (S.D.N.Y.1956), aff'd 2 Cir., 242 F.2d 266, cert. denied, 354 U.S. 922, 77 S.Ct. 1382, 1 L.Ed.2d 1437 (1956).

The present record indicates that it is highly unlikely that plaintiffs will be able to recover punitive damages sufficient to satisfy the $1,540,000. jurisdictional amount, roughly five times the actual damages claimed. Nevertheless, we are unable to say it is a legal certainty that they cannot do so: The New York State Court of Appeals recognized claims for punitive damages in actions for fraud only thirteen years ago, see Walker v. Sheldon, *supra,* and as yet the New York Courts have not sufficiently delineated the requisite degree of culpability to establish such claims, or suggested a rule of thumb as to the ratio of punitive damages to actual damages to guide us here. It would clearly be fruitless for us to engage in the metaphysics of "legal certainties" in the absence of legal rules by which to measure them, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

Although we are unable to grant defendants' motion for summary judgment for the reasons stated, the Beckermans' complaint, which has not been amended to reflect dismissal of their purportedly aggregable claims, is defective in several respects. Accordingly, the Beckermans are directed to file an amended complaint recasting the suit as one for compensatory and punitive damages, if indeed, as plaintiffs assert, that is what it is. The amended complaint should contain the requisite good faith allegation that each member of the class claims in

2. It is undisputed that the Beckermans invested $3,750. each, of a cash capital totalling $562,500. This amounts to a .66% interest in the syndicate for each of the Beckermans, or roughly a $\frac{1}{150}$th participation.

excess of $10,000. and set forth factual allegations appropriate to a suit for punitive damages. The matter will be referred to Honorable Sol Schrieber, a Magistrate of this court, as a special master to report and recommend as to the award of damages and for such proceedings as are necessary in connection therewith. We shall review the question of jurisdictional amount at such time as we act upon the Master's report.

The motion for summary judgment is denied subject to the conditions set forth above.

It is so ordered.