■ WALKER & ZANGER et al., Respondents, v LEON ZANGER et al., Appellants, et al., Defendants. [666 NYS2d 152] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 22, 1997, granting plaintiffs' motion for a preliminary injunction barring defendants from electing directors in a manner inconsistent with a 1992 shareholder agreement and granting plaintiffs' request for court appointment of a fifth tie-breaking director unless the parties agree to select one, and order, same court and Justice, entered April 29, 1997, granting plaintiffs' motion requiring defendants to replace a certain director, if removed, by a designee of the faction that selected him, restraining further action by the board pending such appointment, and further restraining the shareholders from amending the by-laws to authorize them to remove officers, unanimously affirmed, with costs.

We agree with the motion court's interpretation of the 1992 shareholder agreement preserving the original allocation of directors between the two family factions seeking corporate control. While an officer may be removed for cause even in the face of an agreement mandating his tenure (*Fells v Katz*, 256 NY 67, 72), the court properly enjoined the majority shareholders' attempt to remove the corporate president because they failed to advance any additional facts warranting removal despite an unappealed determination a year earlier by the same Justice denying their request to effect such removal. Moreover, this portion of the order was a sensible disposition maintaining the status quo when other significant aspects of the parties' dispute remained to be litigated (*see, Sau Thi Ma v Xuan T.*

*Lien*, 198 AD2d 186, 187, *lv dismissed* 83 NY2d 847). Finally, there was a sufficient showing of irreparable harm (*see, Vanderminden v Vanderminden*, 226 AD2d 1037, 1041). We have considered appellants' other contentions and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.