■ Ari Yemini, Also Known as Arieh Yemini, et al., Respondents, v Oded Goldberg et al., Appellant, et al., Defendants. (And a Third-Party Action.) [876 NYS2d 89]—

In an action, inter alia, to recover damages for breach of contract, the defendants Oded Goldberg and Goldberg Commodities, Inc., appeal (1) from an order of the Supreme Court, Nassau County (Austin, J.), dated June 19, 2007, which denied their motion for a preliminary injunction enjoining the plaintiff Ari Yemini, also known as Arieh Yemini, from, inter alia, taking any unilateral action concerning ANO, Inc., without their consent, and (2), as limited by their brief, from so much of an order of the same court (Bucaria, J.), dated November 21, 2007, as denied that branch of their motion which was for leave to renew the motion for a preliminary injunction.

Ordered that the order dated June 19, 2007 is modified, on

the law, by deleting the provision thereof denying that branch of the motion of the defendants Oded Goldberg and Goldberg Commodities, Inc., which was to enjoin the plaintiff Ari Yemini, also known as Arieh Yemini, from taking any unilateral action concerning ANO, Inc., without their consent, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for the fixing of an appropriate undertaking pursuant to CPLR 6312; and it is further,

Ordered that the appeal from so much of the order dated November 21, 2007 as denied that branch of the motion of the defendants Oded Goldberg and Goldberg Commodities, Inc., which was for leave to renew that branch of their motion which was to enjoin the plaintiff Ari Yemini, also known as Arieh Yemini, from taking any unilateral action concerning ANO, Inc., without their consent is dismissed as academic in light of our determination on the appeal from the order dated June 19, 2007; and it is further,

Ordered that the order dated November 21, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants Oded Goldberg and Goldberg Commodities, Inc.

The plaintiffs commenced this action alleging, inter alia, that the defendants Oded Goldberg and Goldberg Commodities, Inc. (hereinafter the defendants), failed to make certain capital contributions to Peninsula Holdings, LLC. In their amended answer, the defendants added ANO, Inc. (hereinafter ANO), as a counterclaim defendant. This appeal relates solely to the defendants' claim that they control a 50% interest in ANO, which was formed to purchase an interest in an entity called Candlewood Holdings, Inc. The defendant Oded Goldberg (hereinafter Goldberg) entered into a nominee agreement with the plaintiff Ari Yemini, also known as Arieh Yemini (hereinafter Yemini), in which Goldberg, as the principal, appointed Yemini as his nominee with respect to the defendants' 50% ownership of ANO. The defendants sought, among other relief, a preliminary injunction to prevent Yemini from taking any unilateral action concerning ANO without the defendants' consent.

To be entitled to a preliminary injunction, a movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see CPLR 6312 [c]; *Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700, 701 [2008]; *Stockley v Gorelik*, 24 AD3d 535 [2005]). The defendants established the likelihood of success on the merits, relying on,

among other things, the nominee agreement, which established that Goldberg owned 50% of the stock of ANO, and that, as part of the nominee agreement, Yemini, as Goldberg's nominee, agreed to "take no actions on behalf of the Principal or with regard to the Principal's interest in the Corporation, unless so instructed."

Parties are free to make their own arrangements regarding beneficial ownership of securities as definitive between them (*see* UCC 8-207 [a], Comment 3; *Delaware v New York,* 507 US 490, 505 [1993]). This nominee agreement "constituted a declaration of trust" (*Brotman v Meyers,* 41 AD2d 547 [1973]). It is irrelevant that Yemini at all times retained ownership of the ANO stock certificates (*see Matter of Benincasa v Garrubbo,* 141 AD2d 636, 638 [1988]). Supporting the defendants' showing of likelihood of success on the merits, there is no evidence in the record to contradict Goldberg's assertion that he transferred his interest in ANO to Goldberg Securities, Inc., which he solely owned. Additionally, because control and management of ANO and its holdings were at stake, money damages were not sufficient (*see Vanderminden v Vanderminden,* 226 AD2d 1037 [1996]). Thus, the defendants established the element of irreparable injury. The defendants also established that a balancing of the equities favored granting the injunction.

The plaintiffs' contention that the defendants were judicially estopped from asserting an ownership interest in ANO is without merit because the evidence before the court did not establish that Goldberg secured a judgment in his favor in the proceeding in which he allegedly took an inconsistent position (*see Matter of One Beacon Ins. Co. v Espinoza,* 37 AD3d 607, 608 [2007]).

The defendants' remaining contentions in connection with the order dated June 19, 2007 are without merit, or need not be reached in light of our determination. Further, the defendants' contentions regarding the denial of that branch of their motion which was for leave to renew have been rendered academic in light of our determination or are without merit. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur. [*See* 15 Misc 3d 1142(A), 2007 NY Slip Op 51117(U).]