■ SUTHERLAND GLOBAL SERVICES, INC., Respondent, v THOMAS STUEWE, Appellant. [902 NYS2d 272]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered November 5, 2009. The order granted plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the preliminary injunction is vacated.

Memorandum: Plaintiff commenced this action seeking to enforce the restrictive covenants contained in a "Non-Competition and Non-Solicitation Agreement" (Agreement) that defendant signed while he was employed by plaintiff. Defendant appeals from an order granting the motion of plaintiff seeking a preliminary injunction enjoining defendant from, inter alia, accepting employment from plaintiff's alleged competitors.

We agree with defendant that Supreme Court abused its discretion in issuing the preliminary injunction. "Preliminary injunctive relief is a drastic remedy [that] is not routinely granted" (*Marietta Corp. v Fairhurst*, 301 AD2d 734, 736 [2003]; *see Peterson v Corbin*, 275 AD2d 35, 37 [2000], *appeal dismissed* 95 NY2d 919 [2000]; *Cool Insuring Agency v Rogers*, 125 AD2d 758, 759 [1986], *appeal dismissed* 69 NY2d 1037 [1987]). "In order to establish its entitlement to a preliminary injunction, the party seeking the injunction must establish, by clear and convincing evidence . . . , three separate elements[, including,] . . . '. . . a likelihood of ultimate success on the merits' " (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216 [2009], quoting *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *see Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *J. A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406 [1986]).

Here, we agree with defendant that plaintiff failed to demonstrate by clear and convincing evidence that the Agreement was enforceable and thus that there was a likelihood of success on the merits. "While restrictive covenants tending to prevent an employee from pursuing a similar vocation after termination of employment are, as a general rule, disfavored by the courts, they will be enforced if they are[, inter alia,] . . . necessary to protect the employer's legitimate interests" (*Asness v Nelson*, 273 AD2d 165 [2000]; *see BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]; *Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499 [1977]). We agree with defendant that plaintiff failed to demonstrate the need for an injunction to protect its legitimate interests, which are "limited to the protection of [its] trade secrets or confidential customer lists, or protection from an employee whose services are unique or extraordinary" (*Riedman Corp. v Gallager*, 48 AD3d 1188, 1189 [2008]; *see BDO Seidman*, 93 NY2d at 389; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 308 [1976], *rearg denied* 40 NY2d 918 [1976]). We therefore reverse the order, deny the motion and vacate the preliminary injunction. Present—Smith, J.P., Carni, Sconiers and Pine, JJ.