# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**303**

**CA 15-01277**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

JOHN G. ULLMAN & ASSOCIATES, INC.,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BCK PARTNERS, INC., MICHAEL B. BONO, SARAH
CREATH AND JAMES A. KAFFENBARGER,
DEFENDANTS-APPELLANTS.

---

LECLAIR KORONA GIORDANO COLE, LLP, ROCHESTER (STEVEN E. COLE OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (JEANETTE N. WARREN OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered July 21, 2015. The order granted the motion of plaintiff for a preliminary injunction.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the preliminary injunction is vacated.

Memorandum: Plaintiff, a financial services firm, commenced this action seeking to enforce restrictive covenants in an employment agreement signed by the individual defendants when they were hired by plaintiff. Approximately one month before they resigned from their employment with plaintiff, the individual defendants formed their new venture, defendant BCK Partners, Inc. (BCK Partners). After submitting their resignations, the individual defendants publicly announced that BCK Partners would establish a permanent office to provide financial services on the same street as plaintiff. Plaintiff thereafter moved for a preliminary injunction enjoining defendants from offering financial services within 50 miles of plaintiff's office, soliciting plaintiff's clients, and disclosing plaintiff's proprietary information, all allegedly pursuant to the restrictive covenants in the individual defendants' employment agreements. We conclude that Supreme Court erred in granting plaintiff's motion.

It is well settled that " '[p]reliminary injunctive relief is a drastic remedy [that] is not routinely granted' " (*Sutherland Global Servs., Inc. v Stuewe*, 73 AD3d 1473, 1474). "In order to prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood

of success on the merits, (2) irreparable injury in the absence of injunctive relief, and (3) a balance of equities in its favor" (*Eastman Kodak Co. v Carmosino*, 77 AD3d 1434, 1435). Here, we conclude that plaintiff failed to establish by clear and convincing evidence either a likelihood of success on the merits or irreparable injury.

With respect to plaintiff's likelihood of success on the merits, we conclude that plaintiff failed to establish that the restrictive covenants at issue were necessary to protect its legitimate business interests, or that the individual defendants provide "unique or extraordinary" services (*Riedman Corp. v Gallager*, 48 AD3d 1188, 1189; *see generally BDO Seidman v Hirshberg*, 93 NY2d 382, 389). With respect to irreparable injury, plaintiff asserted in support of the motion that it would suffer some unspecified damage to its "goodwill and reputation," and those conclusory allegations "do not establish that irreparable harm will result in the absence of injunctive relief" (*A. John Merola, M.D., P.C. v Telonis*, 127 AD2d 1007, 1007). It is also unclear from this record whether the "goodwill" relating to the clients who have transferred their business from plaintiff to defendants belongs to plaintiff or the individual defendants (*see BDO Seidman*, 93 NY2d at 393; *Reidman Corp.*, 48 AD3d at 1190; *Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d 805, 806, *lv denied* 3 NY3d 612). Nor did plaintiff establish that it would not have "an adequate remedy in the form of monetary damages" and thus would suffer irreparable injury in the absence of a preliminary injunction (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 220), even if the monetary damages in this case are capable of calculation only "with some difficulty" (*SportsChannel Am. Assoc. v National Hockey League*, 186 AD2d 417, 418).

Entered: May 6, 2016                                Frances E. Cafarell
                                                    Clerk of the Court