Cangemi v Yeager (2020 NY Slip Op 04023)





Cangemi v Yeager


2020 NY Slip Op 04023


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


221 CA 19-01224

[*1]THERESA CANGEMI, INDIVIDUALLY AND AS TRUSTEE OF THE THERESA CANGEMI REVOCABLE LIVING TRUST, PLAINTIFF-APPELLANT,
v
GRETCHEN YEAGER AND STEVEN NICHOLS, DEFENDANTS-RESPONDENTS.






COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (ERIN SKUCE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HARRIS & PANELS, SYRACUSE (MICHAEL W. HARRIS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered January 10, 2019. The order denied the motion of plaintiff for a preliminary injunction and temporary restraining order against defendants. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion insofar as it sought a preliminary injunction enjoining defendant Steven Nichols from trespassing on or causing damage to plaintiff's property, interfering with plaintiff's property rights, blocking plaintiff's access to her property, engaging in any conduct with the intent to injure, harass, threaten, or intimidate plaintiff, yelling obscenities at or about plaintiff, and pointing video cameras and lights at plaintiff's backyard, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings to fix an appropriate undertaking pursuant to CPLR 6312.
Memorandum: Plaintiff and defendants own adjoining parcels of real property on Oneida Lake. Defendants have an easement pursuant to which they have a right-of-way over the southernmost portion of plaintiff's property for the purposes of ingress and egress only. After a property dispute arose between the parties, plaintiff commenced this action asserting, inter alia, a claim under Civil Rights Law § 52-a and claims of trespass and private nuisance and seeking, among other things, injunctive relief. Plaintiff moved for a preliminary injunction and temporary restraining order enjoining defendants from, inter alia, trespassing on or damaging plaintiff's property and from harassing plaintiff. Supreme Court denied the motion, and plaintiff appeals.
As a preliminary matter, we note that the court failed to set forth its reasons for its determination, thus making it difficult for this Court to review this case (see generally McMillan v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]).
We agree with plaintiff that the court abused its discretion in denying her motion insofar as it sought a preliminary injunction with respect to defendant Steven Nichols, and we therefore modify the order accordingly. Upon a motion for a preliminary injunction, the party seeking the injunctive relief must demonstrate by clear and convincing evidence: (1) "a probability of success on the merits;" (2) "danger of irreparable injury in the absence of an injunction;" and (3) "a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009]).
We conclude that plaintiff met her burden of demonstrating by clear and convincing evidence a likelihood of success on the merits of her claims against Nichols for trespass and [*2]private nuisance as well as her claim against him under Civil Rights Law § 52-a (see generally Nobu Next Door, LLC, 4 NY3d at 840; Eastman Kodak Co. v Carmosino, 77 AD3d 1434, 1435 [4th Dept 2010]). To demonstrate a likelihood of success on the merits, it is sufficient for the moving party to make a prima facie showing of his or her right to relief (see Gambar Enters. v Kelly Servs., 69 AD2d 297, 306 [4th Dept 1979]), and the actual proving of the case "should be left to the full hearing on the merits" (Tucker v Toia, 54 AD2d 322, 326 [4th Dept 1976]).
To establish a claim of trespass, a plaintiff must show that an actor invaded the plaintiff's interest in the exclusive possession of his or her land (see Behar v Quaker Ridge Golf Club, Inc., 118 AD3d 833, 835 [2d Dept 2014]). Plaintiff's supplemental affidavit and photographs submitted in support of the motion demonstrate that Nichols repeatedly drove across her lawn and blew snow with his snowblower onto the side of plaintiff's house, allegedly causing damage to her awning and fence. Both events were intentional invasions of plaintiff's interest in the exclusive possession of her land. Furthermore, although "an action for trespass over the lands of one property owner may not be maintained where the purported trespasser has acquired an easement of way over the land in question" (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412 [2d Dept 2004] [internal quotation marks omitted]), plaintiff established that the acts allegedly committed by Nichols on the easement exceeded the scope of the easement and did not constitute a reasonable use of his interest in the easement (cf. Havel v Goldman, 95 AD3d 1174, 1175-1176 [2d Dept 2012]; Mangusi v Town of Mount Pleasant, 19 AD3d 656, 657 [2d Dept 2005]; Kaplan, 12 AD3d at 412). Thus, plaintiff demonstrated a likelihood of success on the merits of her trespass claim.
To establish a claim of private nuisance, a plaintiff must show: "an interference (1) substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with [the plaintiff's] property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Behar, 118 AD3d at 835; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977], rearg denied 42 NY2d 1102 [1977]). The interference "must not be fanciful, slight or theoretical, but certain and substantial, and must interfere with the physical comfort of the ordinarily reasonable person" (Matteliano v Skitkzi, 85 AD3d 1552, 1553 [4th Dept 2011], lv denied 17 NY3d 714 [2011] [internal quotation marks omitted]). The evidence submitted by plaintiff established that Nichols drove across plaintiff's lawn, used a snowblower to blow snow onto her house, tampered with and removed her property markers, parked his vehicle so as to obstruct plaintiff's driveway, drove on the freshly paved driveway and left tire tracks in the asphalt, and repeatedly painted a white line across the driveway. That conduct exceeds the scope of the easement and may fairly be characterized as a substantial interference with plaintiff's use and enjoyment of her property. Thus, plaintiff demonstrated a likelihood of success on the merits of her private nuisance claim.
Plaintiff's affidavit and video evidence also submitted on the motion demonstrate that Nichols threatened to install a "150-foot night vision camera" in his backyard and to point it directly into plaintiff's backyard and at her living room. As Nichols installed the surveillance camera, he stated to plaintiff, "It's gonna look right in your fucking living room! . . . You're on camera bitch! . . . Smile for the camera bitch!" Thus, plaintiff also demonstrated a likelihood of success on the merits of her claim under Civil Rights Law § 52-a.
With respect to the second prong of the test for a preliminary injunction, plaintiff established by clear and convincing evidence a danger of irreparable injury in the absence of injunctive relief (see generally Nobu Next Door, LLC, 4 NY3d at 840). A plaintiff may demonstrate irreparable injury where, for example, a defendant encroaches upon the plaintiff's property (see Arcamone-Makinano v Britton Prop. Inc., 83 AD3d 623, 624-625 [2d Dept 2011]), blocks the plaintiff's access to a private drive (see Totman v Cornell, 166 AD2d 865, 866 [3d Dept 1990]), or in some way threatens the destruction of the plaintiff's property (see Trimboli v Irwin, 18 AD3d 866, 867 [2d Dept 2005]). Here, plaintiff demonstrated through her affidavit, photographs, and video evidence that Nichols's video surveillance of her backyard and home was likely to continue in the absence of a preliminary injunction and that Nichols would likely continue to intrude upon her property and interfere with her use and enjoyment thereof if he was not preliminarily enjoined from engaging in acts of trespass and private nuisance.
Finally, plaintiff met her burden of establishing by clear and convincing evidence a balance of equities in her favor (see generally Nobu Next Door, LLC, 4 NY3d at 840). We [*3]conclude that "the irreparable injury to be sustained . . . is more burdensome [to the plaintiff] than the harm caused to defendant through imposition of the injunction" (Felix v Brand Serv. Group LLC, 101 AD3d 1724, 1726 [4th Dept 2012] [internal quotation marks omitted]), and that "an injunction would provide some security to [plaintiff,] while merely restraining defendant from continuing any unlawful or wrongful activities" (Park S. Assoc. v Blackmer, 171 AD2d 468, 470 [1st Dept 1991]).
We have considered plaintiff's remaining contentions and conclude that none warrants further modification or reversal of the order.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court