Matter of P. & E. T. Found. (2022 NY Slip Op 02730)

Matter of P. & E. T. Found.

2022 NY Slip Op 02730

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.

1090 CA 21-00479

[*1]IN THE MATTER OF THE P. & E. T. FOUNDATION. JOHN BLAIR, ESQ. PETITIONER-APPELLANT; CYNTHIA T. DOYLE, ROBERT M. DOYLE, MOLLIE T. BYRNES, JOHN H. BYRNES, PETER BYRNES, MOLLIE DOYLE, DONNA OWENS, JAMES WEISS, DAVID WELBOURN AND CHARITABLE BENEFICIARIES, RESPONDENTS-RESPONDENTS. 

PHILLIPS LYTLE LLP, BUFFALO (KENNETH A. MANNING OF COUNSEL), FOR PETITIONER-APPELLANT. 
BARCLAY DAMON LLP, BUFFALO (JENNIFER G. FLANNERY OF COUNSEL), FOR RESPONDENTS-RESPONDENTS CYNTHIA T. DOYLE, ROBERT M. DOYLE, MOLLIE T.

 Appeal from an order of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered March 30, 2021. The order, among other things, denied petitioner's motion for a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: This appeal arises from a petition pursuant to SCPA 2102 (6) and 2107 (2) seeking, inter alia, to enjoin various of the respondents from removing petitioner as attorney trustee for the Peter and Elizabeth C. Tower Foundation (the Foundation), a $147 million charitable trust that provides grants to nonprofit organizations in Western New York. Surrogate's Court denied petitioner's motion for a preliminary injunction directing that he remain as attorney trustee. We have stayed enforcement of the order, allowing petitioner to remain as attorney trustee pending his appeal from the order. On appeal, petitioner contends that the Surrogate abused her discretion in denying his motion. We reject that contention and affirm.
"[B]ecause preliminary injunctions prevent the litigants from taking actions that they are otherwise legally entitled to take in advance of an adjudication on the merits, they should be issued cautiously" (Uniformed Firefighters Assn. of Greater N.Y. v City of New York, 79 NY2d 236, 241 [1992]). We have therefore advised that preliminary injunctive relief is " 'a drastic remedy' " not routinely granted (Sutherland Global Servs., Inc. v Stuewe, 73 AD3d 1473, 1474 [4th Dept 2010]; see Delphi Hospitalist Servs. LLC v Patrick, 163 AD3d 1441, 1441 [4th Dept 2018]).
"Upon a motion for a preliminary injunction, the party seeking the injunctive relief must demonstrate by clear and convincing evidence: (1) 'a probability of success on the merits;' (2) 'danger of irreparable injury in the absence of an injunction;' and (3) 'a balance of equities in its favor' " (Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020], quoting Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). With respect to the second requirement, it is well settled that the prospect of irreparable harm must be "imminent, not remote or speculative" (Golden v Steam Heat, 216 AD2d 440, 442 [2d Dept 1995]). "A motion for a [*2]preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009] [internal quotation marks omitted]).
Here, we conclude that the Surrogate did not abuse her discretion in determining that petitioner failed to establish by clear and convincing evidence that irreparable harm will ensue in the absence of injunctive relief. According to petitioner, the Foundation will be irreparably harmed if he is discharged as attorney trustee because its permanent trustees "will be unrestrained from carrying out their personal ends, including drastic measures of spending down Foundation assets, relocating the Foundation, or terminating the Foundation altogether." We disagree. Although there is evidence that the permanent trustees have discussed taking the actions referenced by petitioner, we perceive no imminent risk of any of those things happening during the pendency of this proceeding.
We note that the New York State Attorney General, who is involved in this proceeding as the statutory representative of the charitable beneficiaries of the Foundation, supports the ouster of petitioner as attorney trustee for cause and opposes his request for a preliminary injunction. The Attorney General asserts that she has the statutory authority to block the permanent trustees in the event that they take any of the actions feared by petitioner, and that she will not hesitate to step in if, as petitioner alleges, the permanent trustees seek to thwart the grantors' intent. Regardless, given that the permanent trustees would need the vote of an interim attorney trustee, among other people, to terminate the Foundation, spend down its assets or relocate its headquarters, it does not seem likely that the Attorney General will have to intervene. The interim trustee would be appointed by the Surrogate to replace petitioner and would be independent of the permanent trustees.
We therefore conclude that the irreparable harm alleged by petitioner is not imminent, if it exists at all, and that the Surrogate therefore did not abuse her discretion in denying petitioner's motion for a preliminary injunction (see Matter of Pilot Travel Ctrs., LLC v Town Bd. of Town of Bath, 163 AD3d 1409, 1412 [4th Dept 2018], lv denied 32 NY3d 914 [2019]). In light of our determination, we do not address whether petitioner has demonstrated a probability of success on the merits and whether the equities weigh in his favor.
Lindley, Curran and Bannister, JJ., concur.
Carni, J., is not participating.
Peradotto, J., dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent because, contrary to the majority's conclusion, the record demonstrates that petitioner established each of the elements for a preliminary injunction enjoining respondents from removing him as attorney trustee of the Peter and Elizabeth C. Tower Foundation (Foundation), and thus that Surrogate's Court abused its discretion in denying petitioner's motion seeking that relief.
A party seeking a preliminary injunction "must establish, by clear and convincing evidence . . . , three separate elements: '(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor' " (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009], quoting Doe v Axelrod, 73 NY2d 748, 750 [1988]; see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020]). "Entitlement to a preliminary injunction 'depends upon probabilities, any or all of which may be disproven when the action is tried on the merits' " (Destiny USA Holdings, LLC, 69 AD3d at 216, quoting J. A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 406 [1986]). "A motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (id.; see Nobu Next Door, LLC, 4 NY3d at 840).
Here, in my view, the record demonstrates that petitioner established by clear and convincing evidence that he is likely to succeed on the merits of his petition alleging that [*3]respondents lacked grounds to remove him as attorney trustee (see generally Cangemi, 185 AD3d at 1398-1399).
Moreover, the record also demonstrates that petitioner met his burden of establishing by clear and convincing evidence that the balance of equities are in his favor (see id. at 1400). The removal of petitioner as attorney trustee and the resulting prospect of a spend down of the Foundation's assets is more burdensome to petitioner and the Foundation than any harm caused to respondents in maintaining the status quo through a preliminary injunction pending a determination on the merits whether petitioner's removal is valid (see id.; Felix v Brand Serv. Group LLC, 101 AD3d 1724, 1726 [4th Dept 2012]; Destiny USA Holdings, LLC, 69 AD3d at 223). Petitioner faces the possibility of being improperly removed as attorney trustee for a potentially pretextual reason, thereby losing any say in the future of the Foundation, whereas respondents will suffer no actual harm by maintaining the status quo (see Cooperstown Capital, LLC v Patton, 60 AD3d 1251, 1253 [3d Dept 2009]; Vanderminden v Vanderminden, 226 AD2d 1037, 1042 [3d Dept 1996]). In addition to the interests of the parties to the litigation, upon weighing the interests of the general public, I conclude that the prospect that the Foundation may terminate or otherwise operate in a manner inconsistent with the grantors' intent, thereby cutting off its significant grant funding to numerous Western New York charities, outweighs any harm to respondents or the Foundation, including acrimony between the trustees, pending resolution of the proceeding (see Destiny USA Holdings, LLC, 69 AD3d at 223).
Furthermore, in my view, contrary to the contentions of respondents, the Attorney General, and the majority, petitioner also "established by clear and convincing evidence a danger of irreparable injury in the absence of injunctive relief" (Cangemi, 185 AD3d at 1399). "It is an anodyne proposition that [i]rreparable injury, for purposes of equity, . . . mean[s] any injury for which money damages are insufficient" (Eastview Mall, LLC v Grace Holmes, Inc., 182 AD3d 1057, 1058 [4th Dept 2020] [internal quotation marks omitted]). In that regard, "[a]n opportunity for [the nonmoving parties] to shift the balance of power and wrest complete control over [an organization] can constitute irreparable injury" (Cooperstown Capital, LLC, 60 AD3d at 1253; see Yemini v Goldberg, 60 AD3d 935, 937 [2d Dept 2009]; Walker & Zanger v Zanger, 245 AD2d 144, 145 [1st Dept 1997]; Vanderminden, 226 AD2d at 1041). Nonetheless, "[t]he prospect of irreparable harm must be 'imminent, not remote or speculative' " (White v F.F. Thompson Health Sys., Inc., 75 AD3d 1075, 1077 [4th Dept 2010]).
Here, petitioner established that respondents' attempt to remove him as attorney trustee without sufficient grounds and as pretext for wresting complete control of the Foundation, with the ultimate goal of spending down its assets and terminating it, presented the prospect of irreparable injury (see Yemini, 60 AD3d at 937; Cooperstown Capital, LLC, 60 AD3d at 1253; Walker & Zanger, 245 AD2d at 145; Vanderminden, 226 AD2d at 1041). I respectfully disagree with the majority's conclusion that this harm is speculative and not imminent. During the meeting that precipitated this litigation, the permanent trustees expressly indicated their desire to take control of the Foundation. To that end, the permanent trustees sought the power to remove the attorney trustee and expressed their desire to amend the Foundation's governance documents to allow the sunset of the Foundation. Petitioner contended that the primary grantor's intent was for the Foundation to fulfill its charitable mission in Western New York in perpetuity, whereas the permanent trustees thought that the grantors' intent could be fulfilled by spending down the Foundation's assets with large grants and endowments, and then ultimately terminating the Foundation. A follow-up letter sent by an attorney for the permanent trustees reiterated the permanent trustees' demand that petitioner draft amendments to eliminate the attorney trustee position, set conditions for the automatic termination of the Foundation, and give the trustees the right to terminate the Foundation at any time. Therefore, as petitioner contends, given the record evidence expressly indicating the permanent trustees' intent to seize full control of the Foundation and thereafter spend down its assets, there is no need to speculate as to the likely and imminent outcome to the Foundation of petitioner's removal as attorney trustee (see Cooperstown Capital, LLC, 60 AD3d at 1253; cf. White, 75 AD3d at 1077). Under these circumstances, I conclude that petitioner established the prospect of irreparable injury if, in the absence of a preliminary injunction, respondents obtain complete control of the Foundation or otherwise alter the governance documents in order to spend down the Foundation's assets (see Landco H & L, Inc. v 377 Main Realty, Inc. [appeal No. 1], — AD3d &mdash, &mdash, 2022 NY Slip Op 01695, *1 [4th Dept 2022]).
Whereas petitioner relied upon non-speculative statements in the record to establish that respondents planned to remove him as attorney trustee, thereby terminating his "ability to block certain actions[,] . . . includ[ing spending down the Foundation's] assets and dissolving the [Foundation]," that respondents sought to undertake (Cooperstown Capital, LLC, 60 AD3d at 1253), the majority's determination that there is no imminent risk of such irreparable harm depends entirely upon speculative contingencies and equivocal guarantees that third parties might act to prevent the harm from occurring. But petitioner's entitlement to a preliminary injunction, and the imminency of the irreparable harm, is not determined by the possibility of third-party intervention; it is enough that petitioner established by clear and convincing evidence that the Foundation is in "danger of irreparable injury in the absence of an injunction" (Nobu Next Door, LLC, 4 NY3d at 840). Petitioner's showing on this record that, in the absence of a preliminary injunction, respondents will have the "opportunity . . . to shift the balance of power and wrest complete control over [the Foundation]," is sufficient to establish the prospect of imminent irreparable harm (Cooperstown Capital, LLC, 60 AD3d at 1253 [emphasis added]; see Yemini, 60 AD3d at 937; Walker & Zanger, 245 AD2d at 144-145; Vanderminden, 226 AD2d at 1041).
Based on the foregoing, I would reverse the order and grant petitioner's motion, thereby affording him the "sensible disposition [of] maintaining the status quo" while the merits of the proceeding are litigated (Walker & Zanger, 245 AD2d at 144).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court