Matter of Brighton Grassroots, LLC v Town of Brighton Planning Bd. (2022 NY Slip Op 05403)

Matter of Brighton Grassroots, LLC v Town of Brighton Planning Bd.

2022 NY Slip Op 05403

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, AND NEMOYER, JJ.

608 CA 21-01357

[*1]IN THE MATTER OF BRIGHTON GRASSROOTS, LLC, PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF BRIGHTON PLANNING BOARD, TOWN OF BRIGHTON TOWN BOARD, TOWN OF BRIGHTON, M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES, RESPONDENTS-DEFENDANTS-RESPONDENTS, ET AL., RESPONDENTS-DEFENDANTS. (APPEAL NO. 1.) 

THE ZOGHLIN GROUP, PLLC, ROCHESTER (MINDY L. ZOGHLIN OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
WEAVER MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS TOWN OF BRIGHTON PLANNING BOARD, TOWN OF BRIGHTON TOWN BOARD, AND TOWN OF BRIGHTON. 
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS M & F, LLC, DANIELE SPC, LLC, MUCCA MUCCA LLC, MARDANTH ENTERPRISES, INC., AND DANIELE MANAGEMENT, LLC, COLLECTIVELY DOING BUSINESS AS DANIELE FAMILY COMPANIES. 

 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered September 8, 2021. The order denied the motion of petitioner-plaintiff for a preliminary injunction. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners and petitioners-plaintiffs (collectively, petitioners) commenced these related proceedings and hybrid CPLR article 78 proceedings and declaratory judgment actions to challenge the construction of a retail plaza on Monroe Avenue in the Town of Brighton. In these consolidated appeals, petitioners each appeal from orders, all of which were issued pursuant to a single "Global Decision," that collectively denied each of the 10 motions made by petitioners seeking preliminary injunctive relief pertaining to the ongoing construction.
It is well settled that "[p]reliminary injunctive relief is a drastic remedy [that] is not routinely granted" (Delphi Hospitalist Servs. LLC v Patrick, 163 AD3d 1441, 1441 [4th Dept 2018] [internal quotation marks omitted]). Upon a motion for a preliminary injunction, the party seeking injunctive relief "must demonstrate by clear and convincing evidence: (1) 'a probability of success on the merits;' (2) 'danger of irreparable injury in the absence of an injunction;' and (3) 'a balance of equities in its favor' " (Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020]). Here, Supreme Court did not abuse its discretion in denying petitioners' motions. Petitioners failed to establish irreparable injury or that a balance of equities favored them (see [*2]Eastview Mall, LLC v Grace Holmes, Inc., 182 AD3d 1057, 1058 [4th Dept 2020]). We have considered petitioners' remaining contentions and conclude that none warrants modification or reversal of the orders.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court