| |
|---|
| **Wright v Board of Mgrs. of 57 E. 73rd St. Condominium** |
| 2024 NY Slip Op 31400(U) |
| April 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651658/2024 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** __HON. DEBRA A. JAMES__ | **PART** 59 |
| *Justice* | |

----------------------------------------------------------------------------X

JAMES WRIGHT,

                      Plaintiff,

              - v -

BOARD OF MANAGERS OF 57 EAST 73RD STREET
CONDOMINIUM and A.Y. STRAUSS, LLC,

                      Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651658/2024 |
| **MOTION DATE** | 04/18/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 17, 18, 19, 21, 22

were read on this motion to/for _____PREL INJUNCTION_____.

## ORDER

Upon the foregoing documents, it is

ORDERED that the motion of plaintiff for a preliminary injunction is DENIED; and it is further

ORDERED that defendants shall answer the complaint or otherwise move, within twenty (20) days of service of this order with notice of entry; and it is further

ORDERED that counsel are directed to post on NYSCEF a preliminary discovery conference order or competing preliminary discovery conference order(s) at least two days before June 18, 2024, on which date counsel shall appear via Microsoft Teams, unless such appearance be waived by the court.

**651658/2024   WRIGHT, JAMES vs. BOARD OF MANAGERS OF 57 EAST 73RD STREET
CONDOMINIUM ET AL
Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

DECISION

On his application for a preliminary injunction, "plaintiff[] is required to demonstrate a likelihood of ultimate success on the merits, irreparable harm and that [the] equities of the situation were in [his] favor" (After Six Inc. v 201 East 66th Street Associates, 87 AD2d 153 [1st Dept 1982]).

With respect to the first prong, plaintiff has not stated a meritorious cause of action, let alone a likelihood of success on the merits, as to his claim for declaratory relief that asserts breach of the Settlement Agreement dated August 31, 2023.  See Ithilien Realty Corp v 180 Ludlow Development LLC, 140 AD3d 621 (1st Dept 2016) and Upfront Megatainment, Inc. v Thiam, 215 AD3d 576 (1st Dept 2023).

Plaintiff seeks permanent injunctive relief on his claims for (1) interference with the Contract of Sale dated September 1, 2023, and (2) by way of specific performance by defendant Board of Managers of 57 East 73rd Street Condominium, alleging bad faith in defendant Board's obligations of its obligations under the Settlement Agreement.

By its very nature, success on a claim of interference with Contract would not entitle plaintiff to equitable relief, and so such claim lacks merit to that extent.  Should plaintiff prevail on such claim against defendant Board, his measure of damages

**651658/2024   WRIGHT, JAMES vs. BOARD OF MANAGERS OF 57 EAST 73RD STREET CONDOMINIUM ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

would be monetary and not equitable.  See MUGF Union Bank, NA v Axos Bank, 196 AD3d 442 (1st Dept 2021).

To the extent he seeks a preliminary injunction with respect to his claim for specific performance of the obligations of defendant Board, plaintiff has shown some likelihood of success on the merits.  See Destiny USA Holdings, LLC v Citigroup Global Markets Realty Corp., 69 AD3d 2112 (4th Dept 2009).

However, plaintiff has failed to demonstrate irreparable harm should the court not enjoin defendant Board from extending his time to close, as monetary damages are ascertainable for any losses, including a refund of any downpayment, that plaintiff will suffer with respect to his inability to consummate the Contract of Sale dated September 1, 2023, that arise from any illegal acts of defendant Board.  The same is true to the extent that the filing of the confession of judgment triggers plaintiff's inability to consummate the Contract of Sale, as a result of defendant Board's breach of the Settlement Agreement.

Nor has plaintiff established irreparable injury arising from the filing of the confession of judgment, as the "possible" adverse action of FINRA with respect to plaintiff's securities brokers license is "speculative" (Matter of P.& E. T. Foundation, 204 AD3d 1460, 1461 [4th Dept 2022] ("the prospect of irreparable harm must not be . . . 'speculative'").

**651658/2024   WRIGHT, JAMES vs. BOARD OF MANAGERS OF 57 EAST 73RD STREET CONDOMINIUM ET AL**
**Motion No.  001**

**Page 3 of 4**

[* 3]

3 of 4

Finally, the court finds the equities are equally balanced.

<u>See</u> <u>New York City Off-Track Betting Corp v New York Racing Assn Inc</u>, 250 AD2d 437 (1st Dept 1998).

20240418161613DJAMES656938671DDB4179A8DA19A1609AF1AE

| 4/18/2024 | | | | | DEBRA A. JAMES, J.S.C. |
|-----------|--|--|--|--|------------------------|
| **DATE** | | | | | |

**CHECK ONE:**    ☐ CASE DISPOSED    ☒ NON-FINAL DISPOSITION

   ☐ GRANTED    ☒ DENIED    ☐ GRANTED IN PART    ☐ OTHER

**APPLICATION:**    ☐ SETTLE ORDER    ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**    ☐ INCLUDES TRANSFER/REASSIGN    ☐ FIDUCIARY APPOINTMENT    ☐ REFERENCE

**651658/2024   WRIGHT, JAMES vs. BOARD OF MANAGERS OF 57 EAST 73RD STREET CONDOMINIUM ET AL**
**Motion No.  001**

Page 4 of 4

[* 4]

4 of 4